IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOHNNY REDFERN, #907204, | § | |
| ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-05-505 |
| | § | |
| RICHARD TRINCI, ET AL. | § | |

## **OPINION AND ORDER**

On September 16, 2005, fifty-two prison inmates filed this action seeking declaratory and injunctive relief against the Texas prison system and several employees for alleged inadequate care of the inmates. The Plaintiffs seek class action status on behalf of all similarly situated inmates. Having now carefully reviewed the file, the Court issues this Opinion and Order.

While the Plaintiffs' allegations could possibly support class status, it is too early in this litigation to make such a determination. Moreover, the Plaintiffs are before the Court pro se, and unrepresented Plaintiffs may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. This danger is especially relevant in a case involving complex statistical and medical evidence. Cf. Avery v. Powell, 695 F. Supp. 632, 643 (D.N.H. 1988)   It is, therefore, **ORDERED** that the "Plaintiff's Motion for Certification of Class Action" (Instrument no. 34) is **DENIED**, subject to reconsideration at any time during the development of this case.

Because all of the Plaintiffs are prison inmates, development of this case would be difficult under traditional procedures, therefore, the Court will look to a single Plaintiff as a representative of the group. Of the fifty-two Plaintiffs it appears Johnny Redfern would be the

appropriate representative.  He is, for example, the only one who has filed an application to proceed in forma pauperis and properly authorized the required filing fee pursuant to the Prison Litigation Reform Act.  It is, therefore, **ORDERED** that during the preliminary development of this case, **Johnny Redfern WILL** be the lead Plaintiff, **WILL** be responsible for all additional pleadings, motions, responses, and court appearances and **WILL** be the only Plaintiff to be served with copies of pleadings and Court Orders.

It is further **ORDERED** that the "Motion for Leave to Accept Complaint" (Instrument no. 8) is **GRANTED**.

The Court notes that several of the co-Plaintiffs have been dismissed from this litigation due to mail having been returned to this Court for insufficient addresses.  If, in the future, these individuals desire to pursue their claims in this cause, they must individually file a request for reinstatement.

**DONE** at Galveston, Texas, this ____17th____ day of January,  2006.

_____
John R. Froeschner
United States Magistrate Judge