IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOHNNY REDFERN, *et al.*, } | |
| TDCJ-CID NO.907204, } | |
| Plaintiffs, } | |
| v. } | CIVIL ACTION NO. G-05-505 |
| } | |
| RICHARD A. TRINCI, JR, *et al.*, } | |
| Defendants. } | |

OPINION ON DISMISSAL

Plaintiff Derrick G. Davis, a state inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983, along with fifty-one co-plaintiffs, seeking equitable relief[1] for alleged constitutional violations on the Wayne Scott/Retrieve Unit of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"). (Docket Entry No.1). All plaintiffs except Derrick G. Davis, TDCJ-CID No.658789, have been dismissed from this suit. (Docket Entry No.124). Likewise, all defendants except Scott A. Green have been dismissed from this suit. (*Id.*). Green has filed a motion for summary judgment. (Docket Entry No.133). Davis has not responded to the motion.

For the reasons to follow, the Court will grant Scott's motion for summary judgment and dismiss the complaint with prejudice.

I. CLAIMS

Davis alleges that while he was incarcerated on Wayne Scott/Retrieve Unit, Lt. Scott Green forced him to work in the fields for 455 days from August 2005, through November 2006, even though Davis had medical restrictions that prohibited such work; consequently, Davis

---

[1] The Court misstated the relief requested in its previous dismissal orders. (Docket Entries No.118, No. 124). Upon further review of all pleadings, the Court finds that plaintiff seeks only declaratory and injunctive relief. (Docket Entry No.1).

1

suffered debilitating injuries to his knees and back. (Docket Entries No.1, No.122). Davis claims that Green threatened him with a disciplinary case if he did not work. (*Id*.).

Defendant Green asserts the defenses of Eleventh Amendment and qualified immunity; he further moves for summary judgment on grounds that Davis's claim for equitable relief is moot, and alternatively, that no material fact issue precludes the entry of judgment in his favor. (Docket Entry No.133).

## II. STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## III. DISCUSSION

"[P]rison work requirements which compel inmates to perform physical labor which is beyond their strength, endangers their lives, or causes undue pain constitutes cruel and unusual punishment." *Howard v. King,* 707 F.2d 215, 219 (5th Cir. 1983). If a prison official

knowingly assigns an inmate to a job he or she realizes may significantly aggravate a serious physical ailment, then such a decision would constitute deliberate indifference to serious medical needs that may violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989); *see also Calhoun v. Hargrove*, 312 F.3d 730, 734-35 (5th Cir. 2002) (finding claim sufficient to survive a motion to dismiss where prison official purportedly knew about a four hour medical work restriction but forced inmate to work long hours, which raised blood pressure to dangerously high levels). To succeed on a civil rights claim, plaintiff must show that his job assignment significantly aggravated a serious physical ailment. *Jackson*, 864 F.2d at 1246-47.

Scott maintains that the Court need not reach the merits of Davis's claims regarding his job assignment and medical restrictions because the equitable relief Davis seeks is moot. (Docket Entry No.133). Davis is no longer confined on the Wayne Scott/Retrieve Unit[2] and Scott is no longer employed at TDCJ-CID. (Docket Entries No.103, No.133).

An inmate's transfer to another unit renders his claims for equitable relief moot, unless he can show either a demonstrated probability or a reasonable expectation that he will be transferred back to the facility and subjected to the allegedly unconstitutional actions. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)); *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) (noting that "[j]urisdiction over a plaintiff's claims for future relief is appropriate only if a reasonable likelihood exists that the plaintiff will again be subjected to the allegedly unconstitutional actions"); *Herman v Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding that an inmate's transfer from a detention center to a state correctional institution mooted his Eighth Amendment

---

[2] Offender Information Detail at http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=03355270.

claims for declaratory and injunctive relief because any suggestion of a transfer back to the detention center was too speculative to warrant relief). Davis, who is now incarcerated on the Neal Unit of TDCJ-CID, has neither alleged nor demonstrated that there is a reasonable likelihood that he will be transferred back to the Wayne Scott/Retrieve Unit of TDCJ-CID and that he would be subjected to the allegedly unconstitutional acts by defendant Green. Therefore, Green is entitled to summary judgment and Davis's claim for equitable relief will be dismissed as moot.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS that all claims against defendant Scott A. Green are DISMISSED, as moot, and this civil rights action is DISMISSED WITH PREJUDICE. All pending motions, if any, are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 20th day of February, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE